IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

DAVID SHANTON.

Criminal No. CCB-08-0142
Civil Case No. CCB-14-3194

MEMORANDUM OPINION

Now pending before the court is David Shanton's motion to vacate his conviction and sentence under 28 U.S.C. § 2255.[1] Shanton moved to vacate nearly nine years ago, on October 10, 2014, but his motion has remained pending in the intervening time due to a series of stays awaiting higher court decisions and follow-on rounds of supplemental briefing. With the stays lifted and briefing complete, the court now resolves Shanton's motion. For the following reasons, the court will deny the motion to vacate but issue a certificate of appealability.

BACKGROUND

In 2009, a jury convicted Shanton on six counts of an eight-count indictment for crimes related to his role in an armed bank robbery. Jury Verdict, ECF 74.[2] Specifically, Shanton was convicted on two counts of armed bank robbery (counts two and six of the indictment), two counts of discharging a firearm during a crime of violence (counts three and seven), and two counts of felon in possession of ammunition (counts four and eight). Judgment, ECF 81. The court sentenced Shanton to 50 years and 8 months imprisonment followed by 3 years supervised

---

[1] *See* Mot. to Vacate, ECF 103; Mem. in Support of Mot. to Vacate, ECF 105; Opp'n to Mot. to Vacate, ECF 116; Suppl. Mot. to Vacate, ECF 107; Mem. in Support of Suppl. Mot. to Vacate, ECF 114; Second Suppl. Mot. to Vacate, ECF 146; Opp'n to Second Suppl. Mot. to Vacate, ECF 153; Reply in Support of Second Suppl. Mot. to Vacate, ECF 155.

[2] The Government voluntarily dismissed counts one and five involving conspiracy to commit armed bank robbery. Judgment, ECF 81 at 1.

release. *Id.* Shanton filed a direct appeal, and the Fourth Circuit ultimately affirmed the conviction and sentence. *See United States v. Shanton*, 462 F. App'x 297 (4th Cir. 2012), *cert. granted, judgment vacated,* 568 U.S. 802 (2012); *United States v. Shanton*, 513 F. App'x 265 (4th Cir. 2013).

After the Fourth Circuit affirmed his conviction, Shanton filed pro se a motion on October 10, 2014, to vacate his sentence under 28 U.S.C. § 2255, initiating what has now been almost nine years of post-conviction review. Mot. to Vacate, ECF 103; Mem. in Support of Mot. to Vacate, ECF 105. The court ordered the Government to respond to the motion, Order, ECF 104, but it failed to do so. In 2016, two years after the Government's time to respond had elapsed, Shanton filed another pro se motion, this time styled as a motion for summary judgment on his outstanding motion to vacate. Mot. for Summ. J., ECF 108.

In the meantime, the Supreme Court issued a decision implicating Shanton's eligibility for post-conviction relief for reasons other than those raised in his initial pro se motion. In *Johnson v. United States*, 576 U.S. 591 (2015), the Court addressed a portion of the Armed Career Criminals Act ("ACCA") that enhances sentences for repeat offenders. The enhancement applies to defendants convicted of certain crimes who at the time of sentencing had three prior convictions for "serious drug offense[s]" or "violent felon[ies]." 18 U.S.C. § 924(e)(1). *Johnson* narrowed the statutory definition of a "violent felony," *Johnson*, 576 U.S. at 597, throwing the validity of Shanton's term of incarceration into question because he was sentenced under ACCA's career criminal enhancement.

In the year following *Johnson*, the U.S. District Court for the District of Maryland issued three standing orders applicable to post-conviction relief under *Johnson.* First, it appointed the Federal Public Defender's Office ("FPD") to represent petitioners seeking § 2255 relief under

*Johnson*. D. Md. S.O. 2015-05, Misc. No. 00-308 (July 22, 2015). Second, it stayed all § 2255 motions relating to *Johnson* pending certain Fourth Circuit cases interpreting *Johnson*'s retroactive effects. D. Md. S.O. 2015-06, Misc. No. 00-308 (November 12, 2015). Third, it stayed all § 2255 motions under *Johnson* in light of forthcoming Supreme Court and Fourth Circuit decisions interpreting *Johnson*'s substantive effects. D. Md. S.O. 2016-03, Misc. No. 00-308 (July 26, 2016). This third Order specifically stayed Shanton's post-conviction proceedings. D. Md. S.O. 2016-03 App., List of Stayed Cases at 6.

That third standing order, issued in July 2016, stayed Shanton's collateral attack because Shanton, now represented by an Assistant Federal Public Defender, had filed a supplemental § 2255 motion requesting resentencing under *Johnson*. Suppl. Mot. to Vacate, ECF 107. The motion provided the caveat, however, that "[d]ue to time constraints," FPD could not "fully brief the issues" at that time, indicating instead that it would "ask for leave to supplement this petition at a later time." *Id.* at 3.

One year later, with no further action from Shanton or the Government, this court in June 2017 issued an Order explaining that although the supplemental *Johnson* motion remained stayed, the Government had failed to respond to Shanton's original pro se motion, and subsequent motion for summary judgment, and was now ordered to do so. Order, ECF 109. In response, the parties jointly requested an order lifting the stay of the *Johnson* motion and instructing FPD to file its promised memorandum in support. Resp. to Order, ECF 111. The court granted the request, Order, ECF 112, and FPD filed its supplemental briefing on Shanton's behalf, Mem. in Support of Suppl. Mot., ECF 114. The Government then filed an opposition responding to the pro se motion only, Opp., ECF 116, indicating it would respond to the *Johnson* motion once it obtained "certain documents . . . from archives that" it believed were "necessary

to the response," *id.* at 2 n.1. The court gave the Government a 60-day extension for the subsequent filing. Order, ECF 117.

The Government obtained the referenced documents by the filing deadline, but in lieu of filing a response to the *Johnson* motion instead moved to correct what it believed were clerical errors in Shanton's presentence report. Mot. to Correct Clerical Error, ECF 119. The motion also asked the court to reinstate its stay of the *Johnson* motion pending a Fourth Circuit decision addressing whether robbery with a dangerous and deadly weapon was an ACCA predicate.[3] *Id.* at 3. Shanton opposed the Government's motion to correct, Correspondence in Opp., ECF 122, the outcome of which could affect the court's analysis of whether Shanton's prior convictions qualified as career offender predicates under ACCA, and the Government filed a brief reply, Correspondence in Support, ECF 126. FPD then filed, without motion, a surreply, Correspondence Supplementing Opp., ECF 127, followed by a notice of supplemental authority, ECF 128. The Government did not file a formal opposition to the *Johnson* motion itself.

As all this was going on, Shanton filed a pro se motion in October 2017 asking the court to grant a default judgment against the Government for its failure to act following the court's initial 2014 Order directing it to respond to Shanton's pro se motion. Mot. for Default J., ECF 125. The Government did not respond.

The docket then sat quiet, in relevant part, for the next four years.[4] After four years of silence from the parties, the court in January 2022 issued an Order requesting a status report on the pending motions. Mem. to Counsel, ECF 135. FPD responded, informing the court that the

---

[3] The Government now believed that, contrary to the presentence report and as explained in its motion to correct, Shanton's prior conviction for assault and robbery was actually a conviction for robbery with a dangerous and deadly weapon.

[4] In the interim, FPD filed a form *Rehaif* motion on Shanton's behalf, *Rehaif* Mot., ECF 132, but later voluntarily withdrew the motion, Notice, ECF 133.

pro se motion remained ripe, but that the Government had failed to respond to the *Johnson* motion for nearly five years. Correspondence, ECF 136. Nevertheless, the status report asked the court to stay the proceedings once again, this time pending the outcome of *United States v. Dickson*. *Id.* In *Dickson*, the Fourth Circuit was considering whether Maryland robbery (which, according to the presentence report, was among Shanton's prior convictions) was a predicate conviction for the career offender enhancement in § 4B1.1 of the U.S. Sentencing Guidelines. Although Shanton was sentenced under ACCA, the definition of "violent felony" mirrors the definition of "crime of violence" in ACCA, and FPD thus characterized *Dickson* as addressing an "identical issue" to the question presented in Shanton's *Johnson* motion. *Id.* at 1. To determine the scope of the Maryland robbery statute, the Fourth Circuit had certified a question to the Supreme Court of Maryland (then referred to as the Maryland Court of Appeals). *Id.* (citing *United States v. Dickson*, 2021 WL 3630032, at *1 (4th Cir. Aug. 17, 2021)). FPD requested a stay pending the outcome of the certified question and subsequent Fourth Circuit decision, which the court granted, once again staying the pending motions. Correspondence, ECF 137.

Six months later, with the motions still held in abeyance, Shanton filed a second pro se motion for summary judgment. Second Mot. for Summ. J., ECF 139. In response, the court ordered FPD to consult with Shanton and inform the court whether to hold all the motions in abeyance or to consider the pro se motion separately from the *Johnson* motion. Order, ECF 140. FPD responded, informing the court Shanton wished it to resolve his pro se motion while holding his *Johnson* motion in abeyance. Correspondence, ECF 142.

Before this latest round of correspondence, the Supreme Court of Maryland in April 2022 answered the certified question in *Dickson*. *Dickson v. United States*, 274 A.3d 366 (Md. 2022).

With the answer in hand, the Fourth Circuit resolved *Dickson* in June 2022. *United States v. Dickson*, No. 19-4226, 2022 WL 2340553 (4th Cir. June 29, 2022). The Fourth Circuit concluded that a violation of Maryland's robbery statute is a "crime of violence" under the Sentencing Guidelines. *Id.*

Although Shanton had previously argued that the issues in *Dickson* and in his *Johnson* motion were "identical," following the Fourth Circuit's decision in *Dickson* he nonetheless filed, through FPD, a notice of supplemental authority in October 2022 now disclaiming his earlier reliance on *Dickson* and pointing instead to *Borden v. United States*, 141 S. Ct. 1817 (2021) and *Redacted v. Redacted*, 2022 WL 4546737 (D.D.C. Aug. 29, 2022) for the proposition that, notwithstanding the Fourth Circuit's contrary decision in *Dickson*, Maryland robbery still could not be considered a violent felony because, under *Borden*, an offense that can be committed with a mental state of recklessness cannot serve as an ACCA predicate, and under *Redacted* Maryland robbery can be committed with a *mens rea* of recklessness. *See* Notice of Suppl. Authority, ECF 141.

On November 17, 2022, this court issued an order canvassing what it described as Shanton's three sets of motions filed and supplemented over eight years. Order, ECF 143. It characterized the motions as "(1) the Government's motion to correct a clerical error; (2) Shanton's *Johnson* motion; and (3) Shanton's pro se motion." *Id.* at 2. The court granted in part and denied in part the motion to correct; ordered additional supplemental briefing in light of the decisions in *United States v. Johnson*, 945 F.3d 174 (4th Cir. 2019), *Borden v. United States*, 141 S. Ct. 1817 (2021), *United States v. Dickson*, No. 19-4226, 2022 WL 2340553 (4th Cir. June 29, 2022), and *Redacted v. Redacted*, 2022 WL 4546737 (D.D.C. Aug. 29, 2022); and reserved ruling on the pro se motion pending the forthcoming supplemental briefing. *Id.* at 2-5.

In accordance with the court's order, Shanton, still represented by FPD, filed his supplemental briefing on January 6, 2023, ECF 146, the Government filed its opposition on February 13, 2023, ECF 153, and Shanton filed his reply on February 15, 2023, ECF 155. This completed the briefing on Shanton's motion to vacate. The court now turns to the merits of Shanton's motion.[5]

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may seek to set aside their sentence on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A court considering a § 2255 motion must hold a hearing unless the record "conclusively show[s] that the prisoner is entitled to no relief." *Id.* § 2255(b). When the court "denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment, and the facts must be considered in the light most favorable to the § 2255 movant." *United States v. Nguyen*, 789 F. App'x 965, 966 (4th Cir. 2020) (internal quotation marks omitted) (citing *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007)).

## ANALYSIS

Shanton's original motion, together with his supplemental briefing, sets out two distinct bases for § 2255 relief. The pro se motion claims that Shanton's conviction should be vacated due to defects in his indictment; the supplemental filings contend that his sentence should be

---

[5] The court will grant Shanton's three motions to supplement his original filing, ECFs 107, 114, and 146, and notes that in so doing it merely admits the filings and arguments presented therein as supplements to Shanton's original motion to vacate his conviction and sentence. The original motion, ECF 103, remains the operative motion.

vacated because he no longer qualifies as a career offender under ACCA. The court addresses the two arguments in turn. After determining that this court is bound to deny Shanton relief under § 2255, the court nevertheless concludes that issuing a certificate of appealability is warranted.

**I. Shanton's Pro Se Motion to Vacate**

Construing the pro se motion, and follow-on filing captioned as a motion for summary judgment, in the light most favorable to Shanton, he asks the court to vacate his conviction for three reasons: (1) the first four counts of the indictment failed to articulate each essential element of the charged offenses; (2) the court included elements missing from the indictment in its jury instructions and in so doing constructively amended the indictment; and (3) the conviction on counts five through eight was irreparably prejudiced by the improper prosecution of counts one through four. *See* Mem. in Support of Mot. to Vacate at 13-15; Mot. for Summ. J. at 4-8. At the root of these arguments is Shanton's claim that his indictment was fatally flawed under *Castillo v. United States*, 530 U.S. 120 (2000) because, although the indictment charged him with discharging a firearm during and in relation to a crime of violence, it failed to specify what *type* of firearm Shanton was accused of using. *See* Mem. in Support of Mot. to Vacate at 13-14.

Shanton is procedurally barred from raising these objections to his indictment in this § 2255 motion. An "error can be attacked on collateral review only if first challenged on direct review." *United States v. Harris*, 183 F.3d 313, 317 (4th Cir. 1999). Alternatively, where a "defendant has procedurally defaulted a claim by failing to raise it on direct review," the claim can be raised collaterally only "if the defendant can show both cause for and actual prejudice from the default, or that he is actually innocent." *Id.* (internal citations omitted). Shanton does not purport to have objected to the defective indictment at trial or on direct appeal, identifies no cause for his failure to do so, and does not claim to be innocent of the crime of conviction. *See*

Mem. in Support of Mot. to Vacate; Mot. for Summ. J.; *United States v. Shanton*, 462 F. App'x 297 (4th Cir. 2012), *cert. granted, judgment vacated on other grounds,* 568 U.S. 802 (2012); *United States v. Shanton*, 513 F. App'x 265 (4th Cir. 2013). The pro se motion and corresponding motion for summary judgment therefore provide no basis for § 2255 relief.

## II. Shanton's Amended Motion to Vacate

Shanton's supplemental filings add an additional basis for relief to his original § 2255 motion, namely, they seek resentencing in light of the U.S. Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021), the Fourth Circuit's decision in *United States v. Royal*, 731 F.3d 333 (4th Cir. 2013), and the District Court for the District of Columbia's decision in *Redacted v. Redacted*, 2022 WL 4546737 (D.D.C. Aug. 29, 2022). *See* Mem. in Support of Suppl. Mot. to Vacate at 4-14, ECF 114; Mem. in Support of Second Suppl. Mot. to Vacate at 1-11, ECF 146-1. At the time of sentencing, Shanton was subject to certain sentencing enhancements on his 18 U.S.C. § 922(g) convictions under ACCA. Shanton's supplemental motions argue that after *Borden*, *Royal*, and *Redacted*, however, he can no longer be subject to those enhancements. As a result, he claims, the length of his sentence exceeds "the maximum authorized by law" and must be recalibrated accordingly. Mem. in Support of Suppl. Mot. at 11 (quoting 28 U.S.C. § 2255).

ACCA enhances the sentence of anyone convicted of violating 18 U.S.C. § 922(g) who has three previous convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Shanton was convicted on two counts of violating § 922(g), and, at the time of sentencing, also had at least three prior convictions for committing a "violent felony" under ACCA's definition of that term. Specifically, Shanton had prior convictions for (1) assault and robbery in 1973; (2) yoking assault and robbery in 1975; (3) armed robbery in 1981; and (4)

bank robbery in 1989. Presentence Report ¶¶ 46, 53, 55, 57, 60, ECF 124. He therefore faced a guideline sentence of 188 to 235 months on Counts 2, 4, 6, and 8 (including a minimum sentence of 15 years on Counts 4 and 8); a minimum sentence of 10 years on Count 3; and a minimum sentence of 25 years on Count 7. Hr'g Tr. at 9:23-11:1; Presentence Report ¶¶ 76-80. Ultimately, the court imposed concurrent sentences of 188 months on Counts 2, 4, 6, and 8, the low end of the guideline range for those convictions; a 10-year sentence on Count 3, to be served consecutively to Counts 2, 4, 6, and 8; and a 25-year sentence on Count 7, to be served consecutively to all other counts. Hr'g Tr. at 17:15-17; Judgment at 2. Together, this produced a total sentence of 50 years and 8 months. Judgment at 2.

Although Shanton's career offender status was "not contested" at sentencing, *see* Hr. Tr. at 9:23, he now argues that he can no longer be considered an armed career criminal because, in his view, only two of the prior convictions upon which his career offender status rests may still serve as ACCA predicates. Shanton contends first that his prior convictions for assault are no longer "violent felonies" because the Fourth Circuit held in *Royal* that a "Maryland second-degree assault conviction does not constitute a predicate 'violent felony' supporting a sentencing enhancement under ACCA." *Royal*, 731 F.3d at 342. He argues second that his prior convictions for robbery have been likewise supplanted as ACCA predicates because the Supreme Court held in *Borden* that a criminal offense cannot "count as a 'violent felony' if it requires only a *mens rea* of recklessness," *Borden*, 141 S. Ct. at 1821-22, 1825 (plurality opinion), and as Judge Walton explained in *Redacted*, "Maryland robbery may be committed by the reckless use of force," *Redacted*, 2022 WL 4546737, at *7-10. With his prior convictions for assault and robbery no longer qualifying as ACCA predicates, he concludes, he has only two prior violent felony convictions remaining—one short of the ACCA threshold—and thus his guideline sentence on

Counts 2, 4, 6, and 8 should have been 78 to 97 months, not 188 to 235 months, and Counts 4 and 8 should have carried a *maximum* sentence of ten years imprisonment, not a *minimum* sentence of 15 years. Mem. in Support of Suppl. Mot. at 3.

The Government does not dispute that Shanton's assault convictions are no longer ACCA predicates under *Royal*, so Shanton's motion turns on whether Maryland robbery remains a "violent felony" following *Borden* and *Redacted*. Under controlling Fourth Circuit precedent, it does. In *United States v. Johnson*, the Fourth Circuit held that "Maryland robbery constitutes a violent felony under the ACCA." *Johnson*, 945 F.3d 174, 181 (4th Cir. 2019). The court reiterated this conclusion in *United States v. Dickson*, a decision issued a full year after the Supreme Court decided *Borden*. *Dickson*, No. 19-4226, 2022 WL 2340553 (4th Cir. June 29, 2022). Although this Fourth Circuit law was not binding on Judge Walton's subsequent decision in *Redacted*, it does "foreclose[]" this court from reaching any other result. *Id.* at *1.

Despite the clarity of this precedent, Shanton argues that it is not controlling because the *Borden* theory he raises here was not "briefed, addressed, or decided in either" *Johnson* or *Dickson*, and "a 'passing observation' on an issue neither briefed nor disputed does not constitute a holding." Second Suppl. Mot. at 4-5 (quoting *United States v. Norman*, 935 F.3d 232, 240 (4th Cir. 2019)). Shanton accurately characterizes the (non)binding effect of higher court dicta, but the Fourth Circuit's decisions in *Johnson* and *Dickson* cannot be reduced to "passing observations" on undisputed issues; to the contrary, both cases squarely confront—and resolve— the precise question at issue here: they both expressly hold that Maryland robbery is a violent felony under ACCA.

Ultimately, the Fourth Circuit, not this court, is "the arbiter [of] the impact, if any, upon its own precedent from intervening Supreme Court jurisprudence." *M.T. Bores, LLC v. Mountain*

*Valley Pipeline, LLC*, 552 F. Supp. 3d 580, 586 (S.D. W. Va. 2021). Accordingly, two other judges in this district have found themselves bound to apply *Johnson* and *Dickson* in the face of similar *Borden* challenges. *See United States v. Wells*, RDB-10-0665 (D. Md. Jan 31, 2023); *United States v. Evans*, SAG-19-0505 (D. Md. Jan. 4, 2023).[6] Unless or until the Fourth Circuit reconsiders those decisions, this court must do the same. Shanton's supplemental filings thus provide no basis for § 2255 relief.[7]

### III. Certificate of Appealability

As a final matter, a habeas petitioner must obtain a certificate of appealability to appeal a denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). The court may issue such a certificate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Although this court is bound to apply *Johnson* and *Dickson* in this case, the Fourth Circuit may (or may not) find it appropriate to reassess those decisions in light of *Borden.* Were this court not bound by Fourth Circuit precedent, it would find the issue of whether Maryland

---

[6] The transcript reflecting Judge Bennett's decision in *Wells* is available at ECF 118 of Criminal Case Number 10-0665; the transcript reflecting Judge Gallagher's decision in *Evans* is available as Exhibit 1 to the Government's Opposition to the Second Supplemental Motion to Vacate in this case, ECF 153-1 of Criminal Case Number 08-0142.

[7] No hearing is necessary to reach this conclusion because, even construing the facts in the light most favorable to Shanton, the record "conclusively" shows that he "is entitled to no relief." 28 U.S.C. § 2255(b). Further, for the reasons described above, the court will deny Shanton's motions for summary judgment, ECFs 108 and 139, and for default judgment, ECF 125. Two motions to seal also remain on the docket, ECFs 118 and 123, which the court will grant.

robbery can be committed with a *mens rea* of recklessness a "debatable" question, *Tennard*, 542 U.S. at 282, for the reasons thoughtfully explained by Judge Walton in *Redacted*, Judge Bennett in *Wells*, and Judge Gallagher in *Evans.* Furthermore, before issuing its decision in *Dickson*, the Fourth Circuit certified to the Maryland Supreme Court a question regarding the scope of Maryland's robbery statute, signaling that, unlike this court, subsequent Fourth Circuit panels may not themselves be bound by *Johnson* when presented with alternative theories for why Maryland robbery cannot serve as a sentencing enhancement predicate. *See* Certification Order, *United States v. Dickson*, No. 19-4226 (4th Cir. Aug. 17, 2021), ECF 44. Indeed, that may be particularly true here, where, unlike *Dickson*, the petitioner's theory is premised on intervening Supreme Court precedent. Finally, as Judge Gallagher noted in *Evans*, "this issue is one that properly should be raised before the Fourth Circuit," and given the posture of this and other cases in this District, it "likely will be." Hr'g Tr. 26:8-18, *United States v. Evans*, SAG-19-0505 (D. Md. Jan. 4, 2023) (available at ECF 153-1 of this case).

For all these reasons, the court concludes that notwithstanding its denial of Shanton's motion, he "deserve[s] encouragement to proceed further." *Miller-El*, 537 U.S. at 327. The court will therefore issue a certificate of appealability to permit Shanton to pursue his *Borden* argument on appeal.

## CONCLUSION

For the reasons explained above, the court will deny Shanton's motion to vacate his conviction and sentence but issue a certificate of appealability on the question of whether Maryland robbery may serve as a predicate offense under the Armed Career Criminal Act.

A separate order follows.


_____April 21, 2023_____                                         _____/s/_____
Date                                                                    Catherine C. Blake
                                                                        United States District Judge